UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
UNITED STATES OF AMERICA,             :
                                      :
                -v-                   :   06 Cr. 781 (DLC)
                                      :
LARRY EISENBERG,                      :   MEMORANDUM OPINION
                Defendant.            :   AND ORDER
                                      :
------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/08

DENISE COTE, District Judge:

By letter dated March 24, 2008, defendant Larry Eisenberg requests reconsideration of this Court's March 19 Opinion granting the Government's motion to amend the restitution order previously entered against Eisenberg. Further, Eisenberg requests a hearing "so that Mr. Eisenberg may be afforded an opportunity to inquire as to whether the petitions on behalf of the new victims establishes good cause and if so, to ascertain the measure of damages," as well as an order directing the Government to return the emeralds distributed to the victims who were compensated from the $850,000 Eisenberg has deposited pursuant to the terms of his plea agreement.

I.  Reconsideration of the March 19 Opinion

The standard for a motion for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." Shrader v. CSX Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided," nor may the moving party "advance new facts, issues or arguments not previously presented to the Court." Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y.1999). The decision to grant or deny the motion is within the sound discretion of the district court. See Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 132 (2d Cir.1999).

Eisenberg's letter merely rehearses arguments already made in his opposition to the Government's motion to amend the restitution order. On that ground alone, his motion for reconsideration should be denied. Nonetheless, his substantive arguments can be addressed quickly. First, Eisenberg's reliance on United States v. Silkowski, 32 F.3d 682 (2d Cir. 1994), is unavailing, as that case makes explicit that a court can impose a restitution order reflecting losses "directly caused by the conduct composing the offense of conviction." Id. at 689. Such is the case here, where the amended restitution order reflects the losses suffered by the eleven defrauded individuals who made claims after Eisenberg's sentencing. Second, the amendment to the restitution order comports with the Mandatory Victims

2

Restitution Act ("MVRA"), 18 U.S.C. § 3663A, because, as discussed in the March 19 Opinion, the eleven additional claimants came forward with their claims within the time prescribed by the MVRA. See United States v. Zakhary, 357 F.3d 186, 188 (2d Cir. 2004). Accordingly, Eisenberg's request for reconsideration is denied.

II. Request for Hearing

Eisenberg requests a hearing to determine (1) whether the Government has demonstrated good cause for the eleven additional claimants' delay in coming forward with their claims against Eisenberg, and (2) the accurate measure of loss to these claimants. By submission dated March 12, 2008, the Government produced evidentiary support for the claims made by the eleven additional victims of Eisenberg's fraud. Eisenberg has not identified any specific factual disputes with this evidence that may require a hearing. Eisenberg shall identify, by Friday, April 11, any such factual disputes. At that time, the Court will consider the need for a hearing. Eisenberg's claim that the accurate measure of loss to the victims of his fraud is something other than the price paid by the victims for the stones cannot be raised for the first time in a motion for reconsideration. Moreover, the Government has represented, and Eisenberg has not contested, that the stones have little or no

3

market value, and that none of the victims who have attempted to sell their stones have succeeded in doing so. Accordingly, for the purposes of the amended restitution order, the victims' loss will be measured by the price paid for the stones.

III. Accounting for the $850,000 Deposited by Eisenberg

Finally, Eisenberg requests an accounting for the $850,000 he deposited with the Clerk of Court pursuant to his plea agreement. He seeks the return of any stones sold to purchasers who have been compensated from the $850,000 he deposited or, in the alternative, an order that the Government distribute the $850,000 and collect the stones from the compensated purchasers. Pursuant to the Court's directive at Eisenberg's September 21, 2007 sentencing, the Government has been ordered to distribute the $850,000 to the victims of Eisenberg's fraud. Further, pursuant to the March 19 Opinion, the Government has been ordered to make all reasonable efforts to recover the stones once restitution has been paid in full. Eisenberg's request is therefore moot.

CONCLUSION

Eisenberg's March 24 request for reconsideration is denied. Eisenberg shall identify, by Friday, April 11, 2008 any factual disputes concerning the Government's March 18 submission that

4

may require a hearing.

SO ORDERED:

Dated: New York, New York
March 31, 2008

                                                              /s/ Denise Cote
                                            DENISE COTE
                                   United States District Judge